JUDGE BERMAN

'09 CIV 5647

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TOLGAM ULUSLARARASI DENIZCILIK
ISLETMECILIK VE TASIMACILIK LTD.STI.,

09 CV 5647 (RMB)

                                    Plaintiff,          09 CV

-v-                                                     VERIFIED COMPLAINT

TERRAFEITA INTER-CONTINENTAL BUSINESS SA
and MERAP – MATERIAS DE CONSTRUCAO, LDA

                                    Defendants.
------------------------------------------------------------------x

RECEIVED
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, TOLGAM ULUSLARARASI DENIZCILIK ISLETMECILIK VE

TASIMACILIK LTD.STI (hereinafter "TOLGAM"), by its attorneys, CHALOS & CO,

P.C., as and for its Verified Complaint against Defendants, TERRAFEITA INTER-

CONTINENTAL BUSINESS SA (hereinafter "TERRAFEITA") and MERAP –

MATERIAS DE CONSTRUCAO, LDA (hereinafter "MERAP"), alleges upon

information and belief as follows:

### JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

### THE PARTIES

2.      At all times material hereto, Plaintiff, TOLGAM, was and still is a foreign

business entity with a principal place of business in Istanbul, Turkey.

3.      At all times material hereto, Defendant, TERRAFEITA, was and still is a

foreign business entity with a principal place of business in Maia, Portugal.

4.     At all times material hereto, Defendant, MERAP, was and still is a foreign business entity with a principal place of business in Benguela, Angola.

## FACTS AND CLAIM

5.     On or about  April 3, 2009, TOLGAM, as disponent owners of the M/V SELCON, and TERRAFEITA, as charterers, entered into a contract of affreightment for the use of the vessel for the transportation of ten (10) cargoes of cement in sling bags from Antalya to Lobito or Namibe, in receivers' option. *Copies of the Contract of Affreightment and fixture recap are attached hereto as Exhibits "1" and "2", respectively.*

6.     This contract of affreightment is a maritime contract.

7.     Pursuant to the terms of the charter agreement, TERRAFEITA agreed, among other things, to pay demurrage to TOLGAM at the rate of USD 9,500.00 per day.

8.     The parties further agreed to the payment of freight by TERRAFEITA to TOLGAM at a rate of USD 34.00 per metric ton.

9.     A bill of lading was issued dated May 24, 2009, naming Defendant MERAP as consignee. *A copy of the Bill of Lading is attached hereto as Exhibit "3".*

10.     While loading, the vessel incurred demurrage in the amount of USD 41,569.10. *A copy of the time sheet for the loading port of Antalya is attached hereto as Exhibit "4".*

10.     Despite their obligations under the contract of affreightment and the contract of carriage evidenced by the bill of lading, defendants TERRAFEITA and

MERAP have failed to pay for the demurrage accrued during loading and have failed to pay the full balance of freight due and owing to Plaintiff TOLGAM.

11.     As a result of Defendants' failure to fulfill their obligations in accordance with the parties' agreement, TOLGAM has sustained damages for unpaid freight and unpaid demurrage in the amount of USD 195,833.74. *A copy of the Final Freight Statement dated June 17, 2009 is attached hereto as Exhibit "5".*

12.     Following loading, and despite having earlier nominated Namibe as discharge port, Defendant TERRAFEITA unilaterally requested the vessel to proceed to discharge at Luanda, a port not nominated in the parties' contract.

13.     The Vessel is presently anchored off the West African coast and it is estimated that it will remain anchored for at least thirty (30) days, while Plaintiff awaits payment from the Defendants.  Detention is currently accruing at the demurrage rate of USD 9,500.00 and, as best as can be presently estimated, Plaintiff TOLGAM will suffer total losses and costs of not less than USD $280,000.00[1]  as a result of remaining anchored off the West African coast.

14.     In summary, as a result of the Defendants' failure to fulfill their obligations under the parties' agreement, Plaintiff TOLGAM has sustained damages in the aggregate amount presently estimated to be USD 475,833.74.[2]

15.     Pursuant to the terms of the charter party agreement, which are incorporated into the bill of lading, all disputes arising there under are to be submitted to arbitration with English law to apply.  Plaintiff has or shortly will commence arbitration.

---

[1] 30 days x USD 9,500.00 = USD 285,000.00
[2] USD 195,833.74 + USD 285,000.00 = USD 475,833.74.

16.     This action is brought in order to obtain jurisdiction over Defendants and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

17.     English law, including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees.

18.     As best as can now be estimated, the Plaintiff TOLGAM expects to recover the following amounts in arbitration from Defendants TERRAFEITA and MERAP:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 475,833.74* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | *$ 118,823.48* |
| C. | Estimated attorneys' fees: | *$ 50,000.00* |
| D. | Estimated Arbitration costs: | *$ 50,000.00* |
| | **Total Claim** | **$ 694,657.22** |

19.     Therefore, TOLGAM's total claim for breach of the maritime contract against Defendants TERRAFEITA and MERAP is in the aggregate USD 694,657.22.

## BASIS FOR ATTACHMENT

20.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

21.     Defendants TERRAFEITA and MERAP are continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

22.     All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

23.     Plaintiff believes that some of these assets of Defendants TERRAFEITA and MERAP, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos *(a copy of which is attached hereto as Exhibit "6")*, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of **USD 694,657.22** to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
June 19, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
TOLGAM ULUSLARARASI
DENIZCILIK ISLETMECILIK VE
TASIMACILIK LTD.STI

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

# EXHIBIT 1



**TOLGAM ULUSLARARASI DENİZCİLİK**
**İŞLETMECİLİK VE TAŞIMACILIK LTD. ŞTİ.**

FREIGHT CONTRACT

1) 10 x 18.000 mton cement in sling bags or big bags of 1.5 m buyer's option
each shipment to be 10 pct +/- carrier's option
one shipment in april with 10/25 april lc and laycan to be narrowed to 5 days latest
any time belwen 10/15 april
there after shipment programme to be as below
2 nd shipment 1/15 may
3 rd shipment 15/30 may
4 th shipment 1/15 june
5 th shipment 15/30 june
6 th shipment 1/15 july
7 th shipment 15/30 july
8 th shipment 1/15 august
9 th shipment 15/30 august
10 th shipment 1/15 september

2) antalya / tobito or namibe in receivers option always one spsb both saaa bith ends
charterers guarantee drft minimum 10 meters at discharge port
Definite discharge port to be declared on signing bill of ladings.

3) 8/20 april shipment (to be narrowed to 5 days latets by 8 th april )

4) Freight rate to be usd 34.00 per mton fios lashed /secured/dunnaged

5) freight to be deemed earned non returneable ship and/or cargo lost or not lost on signing
bills of ladings .freigth will be paid 15 pct in advance before vessel arrives to load port and
balance 85 pct to owners banker with value date 5 banking days after the documents will
reach to fortis bank portugal/lisbon.but in any case the balance freight has to be paid latest 20
calendar days after vessel sails from load port. bill of ladings marked as " freight payeable as
per charter party "for the fixtures after the 1st fixture charterers will try their best to increase
the 15 pct down payment to 50 pct payment.
the first shipment will be trial shipment and if owners will not be satisfied with payment terms
of the charterers they will have the rigth to cancel the rest of this charter agreement without
any responsibility for the owners

6) bill of ladings to be marked as " freight payeable as per charter party "and " clean on board "
master /carner /owner are not responsible for the weigth of the bags or the quality of the
cargo.if master will not find any cargo in good and solid condition he will have the rigth to
refuse to load same and shippers and charterers are oblige to replace this cargo with cargo
which is in good and solid order and accepted by the master
if there will be no original bill of lading at discharge port on vessel's arrival cargo will be
discharged Against L.O.I ( letter of indemnity in p and i form) signed by the buyer
Master/owner not to be responsible for any damage claim after the cargo leaves the vessel

7) Performing vsl to be max 30 yrs age geared min 3 x 10 mtons fully classed and p and i
covered owners to make sure that vessels hatch covers to be water tigth and holds to be
clean.Performing vsl to be declared latest together with 5 days notice to load port

8) Loading 5000mt shinch per ww day of 24 cons hrs

9) Discharging 1700 mtons per wwday sshex uu if used actual time used to count in full

10) Demurage usd 9500 per day pro rata demurage payable by the charterers for both ends

TOLGAM ULUSLARARASI DENİZCİLİK
İŞLETMECİLİK VE TAŞIMACILIK LTD. ŞTİ.

5. Gazetecilar Sitesi 2. Saktak Evren Hare Sk.No: 36 Lr/35 Lavent - İstanbul - Turkiye.
Tel: 0212. 243.98.55 (Pbx) . Fax: 0212. 260.90.55

within maximum 30 days after owners will present the time sheets and the statement of time and demurrage invoice

11)Free despatch at ends

11)Taxes dues on freight at load port only and vessel to be owner's account

12)Taxes dues on cargo and freight if any and all port expenses of the vessel except the personal expenses of the crew and owners such as provisions supplies/doctor assistance/crew transfer expenses and similar at discharging port including any commission on freight and agency fees and any other fee to be paid to the discharge port agents to be charterer's account and to be paid directly by the charterers to the agents and or to the port. Any war risk premium or any extra insurance due to the age and or flag and or ownership of the vessel on cargo to be buyer's account

13)Vessel to be free of any extra insurance on cargo due to the age and or flag and or ownership of the vsl

14)All lashing,seccuring/dunnaging for the slings at load port as per master's request to be performed by charterers and or shippers free of charge to the vsl cargo to be stowed as per master's stowage plan

15)All unlashing/removing dunnage at discharging port to be done by charterers/ receivers

16)All time used for lashing/unlashing/securing/dunnaging/dunnage removal to be counted as laytime

17)Owner to use their own agents at load port namley KARDEN SHIPPING AGENCY at discharge port owner's to use the agents nominated by the charterers

18)Any war risk premium on cargo if any to be paid by charterers.

19)At load port Time counting to commence at 14.00 hrs if notice of readiness tendered between 08.00/12.00 hrs and at 0800 hrs on next day if same tendered After 12.00 hrs and also if tendered between 00.00/07.59 hrs

20)At load port Master can tender notice of readiness any time 7 days a wee

21)At discharging port time counting to commence at 14.00 hrs if not is tendered between 0800-12.00 hrs if afternoon of same day is a holliday or if not tendered between 12.01/18.00 hrs time commence to count at 0800 hrs on next working day.

22)Master can tender nor at discharging port only between 0800-1800 hrs between Monday to Friday and 0800-1200 hrs obn Saturday.

23)At discharge port time from Saturday 12.00 until 0800 hrs on monday not to cont unless used if used actual time used to count in full

24)demurrage to be paid by charterers for each voyage within maximum 10 days after owner presenting the time sheets and statement of facts for both ends

25)vessel's holds to be swept/clean/free of remainder of any previous cargo on tendering Notice of readiness.in case holds will not be founded in good condition shippers have the rigth to refuse the N.O.R shippers have to reinspect the holds upon masters invitation and time will commence to count only after acceptance of the holds.

26)vessel to give all cranes/derricks on board free of use to the charterer at both ends winchmen to be supplied by charterers at both ends Tally men and tally cost to be charterer's account at both ends

27)other detailes to be as per amm genson 1994 proforma cp

28)both to blame collusion/ war risk /paramouth clauses / hamburg rules to be applied to the charter party and forms of it

29)arbitration if any to be settled as per english arbitration law and rules with sides to appoint their arbitratores and these two to appoint the final arbitrator whose decision to be binding for both sides.for any amount less than 100,000 uso the quick(fast) arbitration procedure to be fllowed.

30)general average to be settled as per york anvers rules

31)charterer to supply each vessel with min 500 empty bags free of charge to the owners

32)stowage of the cargo in holds and discharge of the cargo to be affected as per masters instructiones and cargo stowage and discharge plans

33)stewadores damages if any to any part of the vsl to be settled directly by tghe stewadores but charterers to remain responsible for the cost of repaires and time lost for such repaires if same is not settled by stewadores.however owners must inform charterers within maximum 24 hrs after such a damage happens

34)owners to be responsible for only number of slings loaded and not to be responsible for number of bags and weight of bags/slings and or the quality of the cargo

35) **Company Name:** Terrafeita Inter-Continental Business S.A.

**Company Address:** Rua Barao S. Januario, Nº33/ 54 - 4470-475 Maia | Portugal

**Telephone Number:** +351 229 965 779

**Fax Number:** +351 229 967 147

**Email:** comercial@terrafeita.pt

**Vat Number:** 507453605

Banking Details

**Bank Name:** FORTIS BANK - SUCURSAL EM PORTUGAL
**Bank Address:** Rua Alexandre Herculano nº 50 – 6º andar
1250 – 011 LISBOA
**Account Name:** Terrafeita Inter-Continental Business S.A
**Account Number:** 4558574102 (USD)
**IBAN:** PT50 0029 0002 04558574102 43 (USD)
**Swift Code:** GEBAPTPL

**Bank Officer:** Eduardo Sequeira

**Email:** eduardo.sequeira@fortis.com

**Phone:** 00 351 225 432 621

**Fax :** 00 351 225 432 820

Carrier                                                 charterer

tolgam shipping of istanbul turkey          Terrafeita Inter-Continental business SA
                                                              portugal

TOLGAM ULUSLARARASI DENIZCILIK
IŞLETME SAN VE TAŞIMACILIK
LIMITED ŞIRKETI

# EXHIBIT 2

NN

-----Original Message-----
From: Marvel Yonetim
Sent: Friday, April 03, 2009 10:33 PM
To: 'Comercial_Terrafeita'
Subject: RE: contract

Gd days

We can agree for the  caro to be cement in Sling Bags or Big Bags  cement

But we can not agree repeat can not agree'' for the payment clause cause the sea
freώigth must be paid withύn maxύmum 3 days after sύgning and relasing of the
bill of ladings

This ύs the general freigth payment clauese and is imperative.we can conclude
the contract only when we got your confirmatiion for the freigth

Payment as per our clause 5 for the freigth payment

Regards

Marvel

Lebent karacelik

-----Original Message-----
From: Comercial_Terrafeita [mailto:comercial@terrafeita.pt]
Sent: Friday, April 03, 2009 8:35 PM
To: Marvel Yonetim
Cc: jpaulo@terrafeita.pt; goksel.aybek@ascimento.com.tr; ugur_akkurt@yahoo.com
Subject: FW: contract

Dear Marvel,

Please check the final changes (in yellow) sent bellow.

Thank you very much.

Best Regards.

Christina Rocha

Terrafeita Inter-Continental Business S.A.
Rua Barao S. Januario, NT33/ 54
4470-473 Maia | Portugal

skype comercial.terrafeita

phone [+351] 229 965 779
fax [+351] 229 967 147
 <http://www.terrafeita.pt/> http://www.terrafeita.pt


De: Marvel Yonetim [mailto:yonetim@marvel.com.tr]
Enviada: sexta-feira, 3 de Abril de 2009 17:32
Para: comercial@terrafeita.pt; ugur_akkurt@yahoo.com; akkurtugur@gmail.com;
goksel.aybek@ascimento.com.tr
Assunto: FW: contract



Kind att ms roch


We are resending

Pls confúrm clean



Cc mr ugur

Cc mr goksel



Gd day again


We got your confirmation.

So pls  to avoid any misunderstanding let us ave your confirmation for the
below.



1)10 x 18.000  mton  cement in Sling Bags or Big Bags  cement 10 pct +/-
carrier's option

    one shipment in april  with  8 / 20 april lc and laycan to be narrowed to 5
days latetst by

    8 april

    there after  sh,ipment progtramme to be as eblow

    2 nd shipment 1/15 may

    3 rd shipment  15/30 may

    4 th shipment  1/15 june

    5 th shipment  15/30 june

```
 6 th shipment    1/15 july

 7 th shipment    15/30 july

 8 th shipment    1/15 august

 9 th shipment    15/30 august

10 th shipment    1/15 september
```

2)antalya /  lobito or namibe in receivers option  always  one spsb both  aaaa both ends

   charterers guarantee drft minimum 10 meters at discharge port.

   Definite discharge port to be declared on signing bill of ladings.


3)8/20 april shipment (to be narrowed to 5 days latets by 8 th april )


4)Freigth rate to be usd  34.00 per mton fios lashed /secured/dunnaged


5)freigth to be deemed earned non returneable ship and or cargo lost or not lost on signing bólls of

   ladings.freigth will be paid  100 pct to owners banker wth value date maximum 5 banking days after

   all documents arrive to Fortis Bank in Portugal.


6)bill of ladings to be marked as '' freigth payeable   as per charter party ''and '' clean on board '

   master /carrier /owner are not responsible for the weigth of the bags or  the quality of the cargo.

   éf master will not find any cargo in good and solid condition he will   have the rigth to refuse to load

   Same and shippers and charterers are  oblige to replace this cargo withcargo whóch is in good  and

   solid order  and accepted by the master.

   éf there will be no original bill of lading at discharge port on vessel's arrival cargo will be discharged

   Against  L.O.I  ( letter of indemnity in p and ú form) signed  by the buyer.

   Master/owner not to be responsible for any danage claim after the cargo leaves the vessel.


7)Performing vsl to be max 30 yrs age  geared min 3 x 10 mtons fully classed and p and ú covered

   owners to make sure that vessels  hatchc covers to be water tigth  and hodls to be clean.

   Performing vsl to be declared latest together with 5 days notice to laod port

8)Loading  5000mt shinch per ww day of 24 cons hrs


9)Dischargúng 1700 mtons per wwday sshex uu if used catual time used to count in full. It is necessary to give a free time of 3 days to clear custom service at the unloading port.


10)Demurage usd 9500 per day pro rata .demurage payeable by the charterers for both ends

   within maximum 20 days after owners will present the time sheets and the statement of facts and

   demurage invoice.


11)Free despatrch all ends


11)Taxes dues on freigth at load port only and vessel to be owner's account


12)Taxes dues on cargo and freigth if any  and all port expenses of the vessel except the personal

   expenses of the  crew and owners such as provisione supplies/doctor assistance/crew transfer

   expenses and smilar  at discharging port including any commisson on freigth and agency fees and

   any otgher fee to be paid to the   discharge port agents  to be charterer's account and to be paid

   directly by the charterers to the agents and or  to the port.

   Any war risk permium or any extra insurange due to the age and or flag and or ownership of the

   vessel on cargo    to be buyer's account


13)Vessel to be free of any extra insurance on cargo due to the age and or flag and or ownership of

   the vsl


14)All lashing/seccuring/dunnaging for the slings at load prot  as per master's request to be performed

   by charterers  and or shippers free  of charge to the vsl.carg t be stowed as per master's stowage

   plan.


15)All unlashing/removing  dunnage at discharging port to be done by charterers/ receivers


16)All time used for lashing/unlashing/securing/dunnaging/dunnage remevol to be

counted as laytime

17)Owner to use  theirown agents at load port namley 'KARDEN SHÉPPÉNG AGENCY''

    at discharge port owner's to use the agnets nominated by the charterers.

18)Any war risk premium on cargo if any to be paid by charterers

19)At load port  Time counting to commence at 14.00 hrs if notice of readiness tendered between

    08.00/12.00 hrs  and at 0800 hrs on next day  if same tendered After 12.00 hrs and also if tendered

    between 00.00/07.59 hrs

20)At load port Master can tender  notice of readiness  any time  7 days a wee

21)At discharging port time  counting to commence  at  14.00 hrs if nor is tendered between 0800~

    12.00 hrs .if  afternoon of same day is a holliday or if nor tendered between 12.01/18.00 hrs time

    commmence  to count at  0800 hrs on next working day.

22)Master can tender nor at discharging port only  between 0800-1800 hrs between Monday to Frúday

    and 0800-1200 hrs obn Saturday..

23)At discharge port time from Saturday 12.00 untill 0800  hrs on monday not to cont unless used if

    used actual   time used to count in full

24)demurage to be paid by charterers for each voyage within maximum 10 days after owner

    presenting the time   sheets and statement of facts  for both ends

25) vessel's holds to be swept/clean/free of remainder of   any previous cargo on tendering Notice of

    readiness.in   case holds will not be founded  in good condition shippers have the rigth to refuse

    the N.O.R .shipperas have to reinspect the holds upon masters invitation and time will commence

    to count only after acceptance of the  holds.

26)vessel to give all cranes/derricks on board free of use to the charterer at

both ends.winchmen to be

supplied by  charterers at both ends.

Tally men and tally cost to be charterer's account at both ends


27)other detailes to be as per amm gencon 1994 proforma cp


28)both to blame collsion/ was risk  /paramouth clauses / hamburg rules to be applied to this charter

party and  forms of it.


29)arbitration if any to be settled as per english arbitration law and rules.búth sides to appiont hedúr

arbitratores and   these two to appoint the finai  arbitrator whoose decision to be binding for both

sides.

for any amount less than  100.000 usd the quick(fast) arbitration  procedure to be fllowed.


30)general avarage to be settled as per york anvers rules.


31)charterer to supply each vessel with min 500 empty bags  free of charge to the owners.

.

32)stowage of the cargo in holds and  discharge of the cargo to be effected as per master's

instructiones and cargo  stowage and discharge plans.


33)stewadores damages if any to any part of the vel to be settled directly by tghe stewadores but

charterers to  remain responsible for the cost of    repaires and time lost for such repaires  if same is

not settled by   stewadores.ηhowever owners must inform charteters within maximum 24 hrs after

such a damage  happens.


34)owners to be responsible for only number of  slings loaded and not to be responsible for number of

bags   and    weigth of bags/slings  and or the quality of the cargo.


Carrier:

        charterer:

----------------

        ----------------------------

tolgam shipping of istanbul turkey.                    Terrafeita
énter Continental business SA

            portugal

# EXHIBIT 3

CODE NAME "CONGENBILL" EDITION 1994

**OCEAN**                                                    page 2
**BILL OF LADING**                    B/L No 1
TO BE USED WITH CHARTER-PARTIES
                     Reference No

Shipper
AS ÇIMENTO SAN. VE TİC.A.Ş.
ICERI OVA ALAN MEVKII KIZILKAYA KASABASI
BUCAK BURDUR-TURKIYE

Consignee
MERAP - MATERIAIS DE CONSTRUCAO, LDA.
RUA SACADURA CABRAL. 74
BENGUELA - ANGOLA
VAT NUMBER: 5417054194

Notify address
MERAP - MATERIAIS DE CONSTRUCAO, LDA.            **ORIGINAL**
RUA SACADURA CABRAL, 74
BENGUELA - ANGOLA
VAT NUMBER: 5417054194

| Vessel | Port of loading |
|---|---|
| M/V SELCON | ANTALYA TURKEY |

Port of discharge
ONE ANGOLA PORT

| Shipper's description of goods | Number of Pieces | Nett Weight | Gross Weight |
|---|---|---|---|
| 9 263 SLING BAGS CONTAINING 1 500 KG EACH OF CEMENT TYPE CEM II 42.5 R  CONFORMING TO TS EN 197-1:2000 277,890 PIECES OF CRAFT PAPER MANUFACTURER "ASCIMENTO SAN VE TIC.A.S ICERIOVAALAN MEVKH BUCAK,BURDUR-TURKEY" | 9263 SLING BAGS | 13 894,600 MT | 13 974 254 MT |

- CLEAN ON BOARD
- FREIGHT PAYABLE AS PER CHARTER PARTY


(of which   N O N E   on deck at shipper's risk, the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated | S H I P P E D   at the port of loading in apparent good order and Condition on board the vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above |
|---|---|
| FREIGHT ADVANCE Received on account of freight | Weight, measure, quality, quantity, condition, contents and value unknown |
| | IN WITNESS whereof the Master or agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date any one of which being accomplished the others shall be void |
| Time used for loading       days       hours | FOR CONDITIONS OF CARRIAGE SEE  OVERLEAF |

| Freight payable at | Place and date issue |
|---|---|
| AS PER CHARTER PARTY | ANTALYA, 24 MAY 2009 |
| Number of orginal Bs/L | Signature |
| 3 / THREE | KARDEN SHIPPING AGENCY TRADING INC CO ON BEHALF OF MASTER OF M/V SELCON |
| | SHIPPING AGENCY TRADING INC. CO. |

# EXHIBIT 4

# TIME SHEET

**VESSEL :** SELCON
**LAYTIME:** [25/05/09] 50/09 ,ANTALYA /ANGOLA , **C/P DATE:** 25/05/09
**CALCULATION TYPE:** Non-Reversible

| PORT: [ 1] ANTALYA | Loading |
|---|---|

**Vessel Arrival :** 16/05/09 04:00 Sat
**NOR tendered:** 16/05/09 04:00 Sat   **Clause to Apply:**   FRI 12/SUN 08

**Time to count**
**commenced :** 16/05/09 14:00 Sat
**completed :** 24/05/09 03:00 Sun

| Date | Day | From | Until | Event | Count | Laytime | Total L/T |
|---|---|---|---|---|---|---|---|
| 16/05/09 | Sat | 14:00 | 24:00 | Time to count | 1/ 1 | 10:00 | 00:10:00 |
| 17/05/09 | Sun | 00:00 | 08:00 | Weekend | 0/ 1 | 00:00 | 00:10:00 |
|  |  | 08:00 | 24:00 | Time to count | 1/ 1 | 16:00 | 01:02:00 |
| 18/05/09 | Mon | 00:00 | 15:50 | Time to count | 1/ 1 | 15:50 | 01:17:50 |
|  |  | 15:50 | 16:45 | BERTHING | 0/ 1 | 00:00 | 01:17:50 |
|  |  | 16:45 | 24:00 | Time to count | 1/ 1 | 07:15 | 02:01:05 |
| 19/05/09 | Tue | 00:00 | 17:59 | Time to count | 1/ 1 | 17:59 | 02:19:04 |
|  |  | 17:59 |  | VESSEL ON D E M U R R A G E |  |  |  |
|  |  | 17:59 | 24:00 | Time to count | 1/ 1 | 06:01 | 03:01:05 |
| 20/05/09 | Wed | 00:00 | 24:00 | Time to count | 1/ 1 | 24:00 | 04:01:05 |
| 21/05/09 | Thu | 00:00 | 24:00 | Time to count | 1/ 1 | 24:00 | 05:01:05 |
| 22/05/09 | Fri | 00:00 | 12:00 | Time to count | 1/ 1 | 12:00 | 05:13:05 |
|  |  | 12:00 | 24:00 | Weekend | 1/ 1 | 12:00 | 06:01:05 |
| 23/05/09 | Sat | 00:00 | 24:00 | Weekend | 1/ 1 | 24:00 | 07:01:05 |
| 24/05/09 | Sun | 00:00 | 03:00 | Weekend | 1/ 1 | 03:00 | 07:04:05 |

|  | D : H : M |
|---|---|
| **Time Allowed:** + | 02:19:04 |
| **Time Used:** | 07:04:05 |
| **Time Left (-Lost):** - | 04:09:01 |

DEMURRAGE AT THE RATE OF USD 9,500.00 PER DAY = USD 41,569.10

# EXHIBIT 5

17/06/2009

# Final Freight Statement

**Vessel : SELCON**
**Laytime:** [25/05/09] 50/09 ,ANTALYA /ANGOLA   **C/P Date:** 25/05/09

**Charterers:** TERRAFEITA   **Currency:** USD

**Cargo Description:** CEMENT   **Cargo Quantity:** 13,974.25 MTS

| DESCRIPTION | DEBIT (USD) | CREDIT (USD) |
|---|---|---|
| FREIGHT @ USD 34.00 PER MTS | | 475.124,64 |
| FREIGHT COMMISSION (0.00%) | | |
| DEMMURRAGE AT LOADING | | 41.569,10 |
| ALREADY PAID BY CRTRS | 70.860,00 | |
| ALREADY PAID BY CRTRS | 250.000,00 | |
| TOTALS: | 320.860,00 | 516.693,74 |
| BALANCE IN **OWNERS'** FAVOUR | **195.833,74** | |

1

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 5647

------------------------------------------------------------------x

TOLGAM ULUSLARARASI DENIZCILIK
ISLETMECILIK VE TASIMACILIK LTD.STI.,

                                  Plaintiff,

-v-

TERRAFEITA INTER-CONTINENTAL
BUSINESS SA, and MERAP – MATERIAS
DE CONSTRUCAO, LDA,

                                  Defendants.

------------------------------------------------------------------x

09 CV
**ATTORNEY'S DECLARATION**
**THAT DEFENDANTS**
**CANNOT BE FOUND**
**WITHIN THE DISTRICT**

      This declaration is executed by **George M. Chalos, Esq.,** counsel for the Plaintiff,

TOLGAM ULUSLARARASI DENIZCILIK ISLETMECILIK VE TASIMACILIK LTD.STI., in

order to secure the issuance of a Summons and Process of Maritime Attachment and

Garnishment in the above-entitled, in personam, Admiralty cause.

      Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.,** declares under the penalty of

perjury:

      I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above

referenced matter.

      I am familiar with the circumstances of the Verified Complaint, and I submit this

declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment

and Garnishment of the property of the defendants, TERRAFEITA INTER-CONTINENTAL

BUSINESS SA, and MERAP – MATERIAS DE CONSTRUCAO, LDA, pursuant to Rule B of

the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure.

I have personally inquired or have directed inquiries into the presence of the defendants in this District.

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of June 19, 2009, the defendants have not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendants can be located within this District. The Verizon Telephone Company has advised me that the defendants do not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendants within this District.

I have engaged in a Google search as to whether the defendants can be located within this District. The Google search results did not provide any information that defendants are found in this District.

I am unaware of any general or managing agent(s) within this District for the defendants.

In that I have been able to determine that the defendants have not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendants can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendants do not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendants cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
June 19, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
TOLGAM ULUSLARARASI DENIZCILIK
ISLETMECILIK VE TASIMACILIK LTD.STI.,

By: _____

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 5647

-----------------------------------------------------------------x

TOLGAM ULUSLARARASI DENIZCILIK
ISLETMECILIK VE TASIMACILIK LTD.STI.,

                                         Plaintiff,            09 CV

          -v-
                                                         **VERIFICATION OF
                                                         COMPLAINT**

TERRAFEITA INTER-CONTINENTAL BUSINESS SA,
and MERAP – MATERIAS DE CONSTRUCAO, LDA
                                         Defendants.
-----------------------------------------------------------------x

          Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

          1.          I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

TOLGAM ULUSLARARASI DENIZCILIK ISLETMECILIK VE TASIMACILIK LTD.STI.,

herein;

          2.          I have read the foregoing Verified Complaint and know the contents thereof; and

          3.          I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

          4.          The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

          I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
June 19, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
TOLGAM ULUSLARARASI DENIZCILIK
ISLETMECILIK VE TASIMACILIK LTD.STI.,

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com