UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



TOLGAM ULUSLARARASI
DENIZCILIKISLETMECILIK VE
TASIMACILIK LTD.STI.,

        Plaintiff,

-against-

TERRAFEITA INTER-CONTINENTAL
BUSINESS SA, and MERAP – MATERIAS
DE CONSTRUCAO, LDA,

        Defendants.

09 Civ. 5647

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT AND
APPOINTING PROCESS SERVER**

On June 22, 2009, Plaintiff, Tolgam Uluslararasi Denizcilikisletmecilik Ltd.Sti., filed a Verified Complaint in the captioned action against Terrafeita Inter-Continental Business SA, and MERAP – Materias de Construcao, LDA ("Defendants") seeking damages of **US$694,657.22** inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Supporting Affidavit of George M. Chalos, dated June 19, 2009 and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The Verified Complaint and the Affidavit of George M. Chalos, dated June 19, 2009, have demonstrated to the Court's satisfaction that the Defendants regularly send funds to others, which funds are routed electronically (electronic funds transfers) through New York banks.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this Order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including funds representing electronic fund transfers originated by Defendant, in an amount of up to **US$694,657.22**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

**ORDERED,** that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED,** that the United States Marshal or his designee shall serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and it is further,

**ORDERED,** that no supplemental process specifying other or additional garnishees and enforcing the Court's Order may be issued by the Clerk without further written Order of the Court; and it is further,

**ORDERED,** that initial service by the United States Marshal shall be made personally upon each garnishee; and it is further,

**ORDERED,** that at the request of the garnishee, Plaintiff may be required to pay a reasonable fee to garnishee(s) for processing this attachment, as determined by each garnishee; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may, except as otherwise ordered by the Court, consent to service to be effective and continuous for a period of time not to exceed 90 days from the date of this order. Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED,** that following initial service as described above, if any supplemental service of the Process of Maritime Attachment and Garnishment is required, it shall be made personally, unless the garnishee consents to service by way of facsimile transmission to a fax number designated by the garnishee for that purpose. Supplemental service can also be made by e-mail or other means if consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED,** that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise counsel to the Plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of an electronic funds transfer, the garnishee shall, to the extent known, advise counsel for the Plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator of the electronic funds transfer as reflected in the wire transfer information, (3) any available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall

3

be satisfied if the garnishee furnishes to the Plaintiff the payment order for the funds; and it is further,

**ORDERED**, that in the event Plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred Plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing whether it has arranged with Defendant(s) and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties agree to such an arrangement, then this case will be dismissed without prejudice, and, upon good cause written request by either party, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED**, that this Order shall automatically expire 90 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the Plaintiff shows good cause for an extension of this Order. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED**, that this attachment shall automatically expire 45 days after the date of this Order unless Plaintiff confirms by letter on or before the 45th day that it has actually (in fact) commenced arbitration or litigation on the merits of the claims underlying the attachment. Plaintiff may request by letter an extension of the Order if it shows good cause; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order pursuant to the two immediately preceding paragraphs, this Action may be dismissed by the Court; and it is further,

**ORDERED**, the parties shall appear at a conference before the Court on August 12, 2009 at 9:00 am, in Courtroom 21B (21st floor), 500 Pearl Street, U.S. District Courthouse, to provide the Court with a report on the status of this matter (i.e. the attachment) and the underlying arbitration/litigation proceeding. At the time of the conference, if no property belonging to the Defendant(s) has been attached, and/or the underlying arbitration/litigation proceeding has not diligently been pursued, Plaintiff(s) must show cause why the Court should not dismiss the action.

Dated: New York, New York
June 24, 2009

**SO ORDERED:**

_____
**RICHARD M. BERMAN, U.S.D.J.**

## Schedule A

ABN Amro Bank

American Express Bank

Bank of America

Bank of China

Bank of New York

Bank of Tokyo Mitsubishi UFJ Ltd.

Barclay's Bank

BNP Paribas SA

Calyon

Calyon Financial, Inc.

Citibank N/A

Credit Suisse Securities (USA) LCC

Deutsche Bank

HSBC (USA)

JPMorgan Chase Bank

Mashreqbank

Societe Generale

Standard Chartered Bank

UBS AS

U.S. Bank

Wachovia Bank

Wells Fargo Bank